UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

CASE NO.: 09-40070-LMK

SOUTHERN LEASING & MANAGEMENT, LLC,
d/b/a SUPERIOR REDI-MIX

CHAPTER 11

Debtor.
_____/

## EXPEDITED MOTION TO STRIKE A MINING GROUP, LLC AND A TRUCK LINE, LLC'S OBJECTION TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT AND REQUESTES FOR SANCTIONS AND REQUEST FOR EMERGENCY HEARING

COMES NOW the Debtor, by and through undersigned counsel, and files this Expedited Motion and Request for Emergency Hearing on A Mining Group, LLC and A Truck Line, LLC's Objection to Debtor's First Amended Disclosure Statement and in support thereof would show:

1. That at this Court's Disclosure Statement hearing conducted on December 10, 2009, after considerable argument by counsel, it was agreed that counsel for Debtor would amend the Disclosure Statement and Plan, and set forth in Exhibits the collection and status of all pre-petition debts which were inappropriately paid post-petition. At said hearing, the Court advised that the Creditors would have a five (5) day Negative Notice period to file any objection to the Amended Disclosure Statement and Plan. See proceeding Docket Number 368.

2. That Debtor, Debtor's counsel, and Debtor's CPA reviewed all aspects of the Debtor's Plan and cash flow projections and prepared the Amended Disclosure Statement and Amended Plan. In the Amended Disclosure Statement, an Exhibit was attached breaking down, graph-wise, the status of all inappropriately paid pre-petition debts. In addition, based upon the analysis of Debtor's Monthly Reports and the adjustments of debts, it was determined by the Debtor that a one hundred percent (100%) Plan could be paid and Debtor amended the payment

to the unsecured Creditors to reflect the one hundred percent (100%) payment with interest. Debtor filed this Amended Plan on the 22nd day of December, 2009. (See docket entry 379). That due to the Christmas holidays, undersigned counsel circulated, on Negative Notice, the First Amended Disclosure Statement with Plan by electronic filing and/or U.S. Mail on January 8, 2010. In fact, counsel for A Mining Group, LLC and A Truck Line, LLC acknowledged by email a copy of the Disclosure Statement on December 23, 2009. See Exhibit A attached hereto.

3.     That the Negative Notice expired on January 14, 2010.

4.     That A Mining Group, LLC and A Truck Line, LLC's Objection to Debtor's First Amended Disclosure Statement was filed on January 18, 2010, some three (3) days past the Court's established five (5) day Negative Notice period and, as such, should be stricken.

5.     That the body of the Objection, as filed by A Mining Group, LLC and A Truck Line, LLC, deals primarily with Confirmation issues and the Absolute Priority Rule, which was argued extensively by counsel from Mr. McCrae's office at the December 10, 2009 hearing. At said hearing, the Court graciously tried to educate counsel from Mr. McCrae's office, so he would understand that the Absolute Priority Rule was an issue of Confirmation, not adequate disclosure at Disclosure Statement hearing. Yet, the same arguments are being set forth in the Objection filed on January 18, 2010 by said Creditors. That by the simple reading of Section 1129 of Title 11 of the United States Code, there are two sub-sections, (a) and (b), which are set forth in the disjunctive. Since the Debtor is paying a one hundred percent (100%) dividend to the unsecured Creditors, the 1129 (b) cram down does not apply and the Absolute Priority rule is not applicable. Further, arguments are made in the Objection to the Disclosure Statement specifically referencing the Plan and alleged ambiguities, with respect to additional payments to the

unsecured Creditors from recovery of a separate Chapter 11 Bankruptcy and Debtor's claims. Counsel herein will not comment, as it believes that the argument in that paragraph is ludicrous.

      6.    That since the inception of this case, A Mining Group, LLC and A Truck Line, LLC and its attorney, Christopher McCrae's and his firm, have continually and constantly filed inappropriate pleadings to delay, hinder, and essentially interfere with, the moving forward of a Reorganization of Debtor. In fact, they claimed a secured interest in all the personal property in cash collateral, by virtue of a recorded Final Judgment, recorded with the Secretary of State within two (2) weeks prior to the filing of the Petition. Undersigned counsel requested counsel Christopher McCrae to withdraw that recording, as it was a preference under the Bankruptcy Code. Undersigned counsel was advised that his client had a very strong position and they would not do it; yet, immediately after filing and serving an Adversary Complaint on the preference action, Christopher McCrae caused said recording with the Secretary of State of the Final Judgment to be withdrawn. In addition to that, Christopher McCrae, on behalf of his clients, continued to pursue and argue cash collateral issues to the point, at a Final Hearing on the Cash Collateral Motion, the above styled Court questioned what he was doing and arguing about since he had no interest in the cash collateral. Now, Christopher McCrae and his office, on behalf of their clients, are continually arguing Absolute Priority Issues, which do not come into effect until a Confirmation Hearing, yet they continue to argue those issues with respect to adequate information under the Disclosure Statement. This is being done even after the Court, at the December 10, 2009 hearing, on repeated occasions attempted to educate counsel from Christopher McCrae's office that Absolute Priority Rule would only come into effect at Confirmation if the voting did not confirm the Plan or the Plan was not a one hundred percent (100%) Plan with Creditor approval.

7. That the actions of A Mining Group, LLC and A Truck Line, LLC, by and through the law offices of Christopher McCrae, are clearly actions to delay, hinder, and prevent the Reorganization of Debtor Corporation, which is a direct competitor of the two entities. Said actions have caused in excess of $8,000.00 in attorney fees and cost not normally associated with a Chapter 11 proceeding.

8. Further, A Mining Group, LLC and A Truck Line, LLC, through their counsel, Christopher McCrae elected, at the solicitation of the United States Trustee, to be a member of the Creditor Committee in this case. See Exhibit B, attached hereto. At this Court's in camera hearing on document review under its Protective Order the court admonished counsel, Christopher McCrae, that he and his clients were in a fiduciary capacity, with respect to the Debtor and the other unsecured Creditors and could be held responsible for any actions, contrary to this intent of the Bankruptcy Code. Debtor believes that the actions being exercised now and in the past by Christopher McCrae's office, on behalf of his two clients, is in total disregard to the other unsecured Creditors and is delaying the Confirmation Hearing of a proposed one hundred percent (100%) Plan, which would provide initial dividends to the unsecured Creditors on or around March 30, 2010. The present action and the Court's setting of a hearing on the Objection to the First Amended Disclosure Statement, as filed three (3) days after the negative notice deadline, would create an initial payment to the unsecured Creditors sometime around the end of June, 2010, or another one hundred and twenty (120) days of delay. Such actions are sanctionable under the Bankruptcy Code.

WHEREFORE it is respectfully requested the Court entertain this Motion and enter its Order Striking the Objection as filed by A Mining Group, LLC and A Truck Line, LLC and cancel the March 11, 2010 continued Disclosure Statement hearing and immediately set Debtor's

Confirmation hearing for the March docket. Further, it is requested the Court set this matter for hearing, for consideration of sanctions, for the actions of Christopher McCrae, as counsel for A Mining Group, LLC and A Truck Line, LLC, and the corporations as member of the Unsecured Creditor Committee, with regard to their actions in these proceedings.

### STATEMENT OF NEED FOR EMERGENCY HEARING

This matter is requested to be held as an Emergency Hearing and that the pleadings filed, setting up a continued Disclosure Statement, hearing do not relate to the Disclosure Statement but relate specifically to Confirmation issues, a point which was made explicitly clear by the Court at the December 11, 2009 Disclosure hearing.

Further, the Objection to the First Amended Disclosure Statement was filed past the Negative Notice time frame established by the Court. That the continued delay cause by these pleadings, by the actions of A Mining Group, LLC and A Truck Line, LLC through Christopher McCrae's office, is damaging not only the Debtor, but the unsecured Creditors who are entitled to receive their dividend and receive it at the earliest possible time, in light of the proposed one hundred percent (100%) dividend. As such, irreparable harm is being caused to those unsecured Creditors and to the Debtor.

Respectfully submitted this 21st day of January, 2010.

/S/ Thomas B. Woodward
Attorney for Debtor
FL Bar No.: 0185506
P.O. Box 10058
Tallahassee, FL 32302
(850) 222-4818
(850) 561-3456 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the Office of the U.S. Trustee, Christopher McCray, Esquire, those parties on the attached interested parties matrix and the 20 Largest Creditors matrix by either electronic filing or U.S. Mail, postage pre-paid, this 21st day of January, 2010.

/S/ Thomas B. Woodward

INTERESTED PARTIES MATRIX

Roy C. Young
Young van Assenderp, P.A.
225 S. Adams Street, Ste. 200
Tallahassee, FL 32301

Matthew G. Krause, Esquire
Eric B. Zwiebel, P.A.
Attorneys for Axis Capital, Inc.
8751 West Broward Blvd., Ste 100
Plantation, FL 33324

Opal McKinney-Williams
Ausley & McMullen
227 S. Calhoun Street (32301
Post Office Box 391
Tallahassee, FL 32302

Smith, Thompson, Shaw & Manausa, P.A.
David K. Minacci
3520 Thomasville Road
Tallahassee, FL 32309-3469

John D. Elrod
3290 Northside Parkway, NW Ste. 400
Atlanta, GA 30327

Christopher T. McRae
McRae & Metcalf, P.A.
2612 Centennial Place
Tallahassee, FL 32308

Brian G. Rich
Berger Singerman, P.A.
125 South Gadsden Street, Ste. 300
Tallahassee, FL 32301

Frank P. Rainer, Esquire
Sternstein, Rainer & Clarke, P.A.
411 East College Ave
Tallahassee, FL 32301

A Mining Group, LLC
PO BOx 1829
Lake City, FL 32024

HOLCIM
P.O. Box 951240
Dallas, TX 75395

United Sates Small Business Adm
2120 RIverfront Dr.
Suite 100
Little Rock, AR 72202-1747

A Truckline, LLC
PO Box 1829
Lake City, FL 32024

Martin Marietta Materials
P.O. Box 75328
Charlotte, NC 28275

United States Small Business Adn
2120 Riverfront Dr.
Suite 100
Little Rock, AR 72202-1747

AXIS Capital
308 N. Locust St.
Suite 100
Grand Island, NE 68801

Riverside National Bank
2211 Okeechobee Rd.
Fort Pierce, FL 34950

Axis Capital
308 N. Locust St.
Suite 100
Grand Island, NE 68801

Small Business Administration
2120 Riverfront drive, Ste. 100
Little Rock, AR 72202

Axis Capital
308 N. Locust St.
Suite 100
Grand Island, NE 68801

Small Business Administration
2120 Riverfront Drive, Ste. 100
Little Rock, AR 72202

Axis Capital/ Leaf Funding
1818 Market St.
9th Floor
Philadelphia, PA 19103

Small Business Administration
200 W. Santa Ana Blvd., Ste. 700
Santa Ana, CA 92701

CEMEX
P.O. Box 31416
Tampa, FL 33631

Small Business Administration
200 W. Santa Ana Blvd., Ste. 700
Santa Ana, CA 92701

Capital City Bank
4 East Washington St.
Quincy, FL 32351

Small Business Administration
200 W. Santa Ana Blvd., Ste. 700
Santa Ana, CA 92701

DJC Tanklines, LLC
P.O. Box 1038
Bristol, FL 32321

Taycor Financial LLC
6065 Bristol Pkwy
Culver City, CA 90230

## Thomas B. Woodward

**From:** James S. Myers [jmyers@mcraemetcalf.com]
**Sent:** Wednesday, December 23, 2009 11:30 AM
**To:** woodylaw@embarqmail.com
**Cc:** Chris McRae
**Subject:** Southern Leasing; our file no. 025-04

Tim,

ECF delivered the amended disclosure statement and plan. I will try to review them shortly though I am a little confused as to why we didn't get drafts per Judge Killian. Please let me know if I missed something.

Also, where in the operating report does it show the money paid by Danny Collins for the preferences?

Jamie Myers

James S. Myers
McRae & Metcalf, P.A.
306 S. Plant Avenue
Tampa, Florida 33606
Telephone: (813) 225-1125
Facsimile: (813) 225-1077

Unless otherwise indicated or obvious, the information contained in this message is privileged, confidential and intended for the exclusive use of the individual or entity named above. If the reader of this message is not the intended recipient, the message may not be distributed or copied. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by telephone at the above number, destroy all copies and transmit the original message to us at the above address at our expense.

# EXHIBIT A

1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

SOUTHERN LEASING &
MANAGEMENT, LLC  CASE No. 09-40070-LMK

CHAPTER 11

Debtor.
_____/

NOTICE OF APPOINTMENT OF
COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS

Pursuant to 11 U.S.C. Section 1102(a), the undersigned hereby appoints the following creditors to serve on the committee of creditors holding unsecured claims:

SEE EXHIBIT "A" ATTACHED HERETO

Dated: May 6, 2009

> Donald F. Walton
> United States Trustee
> Region 21
>
> /s/ JASON H. EGAN
> Jason H. Egan
> Office of the United States Trustee
> 110 East Park Avenue, Suite 128
> Tallahassee, FL 32301
> 850-521-5050
> FAX: 850-521-5055
> Florida Bar No: 0568351
> Email: jason.h.egan@usdoj.gov

**EXHIBIT B**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice and Exhibit "A" were furnished either electronically or by first class U.S. Mail to: the attorney for the debtor, Thomas B. Woodward, Esq., P.O. Box 10058, Tallahassee, FL 32302; the debtor, Southern Leasing and Management, LLC, P.O. Box 922, Quincy, FL 32351; and all parties on the attached Exhibit "A", this the 6th day of May, 2009.

/s/ JASON H. EGAN
Jason H. Egan

## EXHIBIT "A"

1. Cabbage Grove Mining Co., Inc.
   c/o R. Clark McCollum, V.P.
   P.O. Box 840
   Lake Wales, FL 33859-0840
   PHONE: 863-676-9431

2. A Truck Line, LLC
   c/o Christopher T. McRae, Esquire
   2612 Centennial Place
   Tallahassee, FL 32308
   PHONE: 850-386-8000   FAX: 850-386-8342

3. A Mining Group, LLC
   c/o Christopher T. McRae, Esquire
   2612 Centennial Place
   Tallahassee, FL 32308
   PHONE: 850-386-8000   FAX: 850-386-8342